# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RODRIGUEZ P AND E INVESTMENTS, LLC, | Case No. 3:25-cv-879 |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| CHRISTOPHER LAVIN and XTREME POLISHING SYSTEMS, LLC, | |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TABLE OF CONTENTS**

I.     PARTIES ............................................................................................................................ 1

II.    JURISDICTION AND VENUE ........................................................................................ 1

III.   INTRODUCTION ............................................................................................................. 2

IV.   FACTS ............................................................................................................................... 3

    A.  Plaintiff's Trademark Rights ..................................................................................... 3

    B.  Defendants' Infringement and Conduct .................................................................... 4

    C.  Acutal Confusion and Damage to Plaintiff ............................................................... 6

V.    CAUSES OF ACTION ..................................................................................................... 7

    Trademark Infringement .................................................................................................. 7

    False Designation of Origin & Unfair Competition ....................................................... 8

    Common Law Trademark Infringement and Unfair Competition ................................. 8

VI.   DEMAND FOR JURY TRIAL ......................................................................................... 9

VII.  REQUEST FOR RELIEF ................................................................................................. 9

Plaintiff Rodriguez P and E Investments LLC ("Plaintiff" or "Rodriguez"), files this Complaint against Defendants Christopher Lavin and Xtreme Polishing Systems, LLC (collectively, "Defendants").

## I.     PARTIES

1.     Plaintiff Rodriguez P and E Investments LLC is a Texas limited liability company with its principal place of business at 2117 W. Euless Blvd., Euless, Texas 76040.

2.     Plaintiff owns and operates Rock Hard Concrete Coatings, a concrete floor coating installation company serving residential and commercial clients across the Dallas-Fort Worth region since at least as early as 2019.

3.     Defendant Christopher Lavin is an individual residing in Florida and is the founder, principal, and/or controlling officer of Xtreme Polishing Systems, LLC. He may be served with process at his place of work, 2200 NW 32nd Street, Pompano Beach, Florida 33069, or wherever else he may be found.

4.     Defendant Xtreme Polishing Systems, LLC is a Florida limited liability company with corporate headquarters at 2200 NW 32nd Street, Pompano Beach, Florida 33069. It operates a nationwide network of stores and franchises under the brand names "XPS," "RockHard," and "RockHard USA." It may be served with process through its registered agent, Mark Perry Esq., at its registered office street address at 2400 E. Commercial Blvd., Suite 511, Fort Lauderdale, Florida, 33308.

## II.     JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

6. Supplemental jurisdiction over the related state law claims is conferred by 28 U.S.C. § 1367(a).

7. The Court has jurisdiction over Defendants because they engaged in business in this Judicial District and the State of Texas in connection with the transactions and occurrences giving rise to this action. The Court also has jurisdiction over Defendants because the wrongful conduct alleged herein was directed at, took place in, and/or had foreseeable injurious effects in this Judicial District and the State of Texas. The Court also has jurisdiction over Defendants because they have continuously and systematically engaged in business in this Judicial District and the State of Texas such that they have subjected themselves to personal jurisdiction in this Court for all purposes.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and (c)(1) because Plaintiff's claims arise from events taking place within this Judicial District and Plaintiff resides and was injured in this Judicial District.

### III.  INTRODUCTION

9. This is an action for federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114; unfair competition and false designation of origin under 15 U.S.C. § 1125(a); and related claims under Texas common law.

10. Plaintiff owns a valid federal trademark registration for "ROCK HARD" in connection with concrete and epoxy floor coating services. Defendants have knowingly and willfully infringed that mark by marketing, distributing, and promoting competing products and services under a confusingly similar name—"RockHard," "RockHard USA," and related variants—causing actual confusion in the marketplace and substantial harm to Plaintiff's business.

## IV. FACTS

### A. Plaintiff's Trademark Rights

11. Plaintiff is the owner of U.S. Trademark Registration No. 7,217,363 for the mark ROCK HARD, registered on November 14, 2023, for "Application of concrete coatings for beautification purposes; Application of epoxy coatings to floors" in International Class 037. A true and correct copy of the Registration Certificate is attached hereto as "Exhibit A".

12. Plaintiff began using the ROCK HARD mark in commerce at least as early as July 2019.

13. Plaintiff's Facebook business page, titled "Rock Hard Concrete Coatings," was created on September 18, 2019. A true and accurate screenshot of this Facebook page showing the page creation date is included as "Exhibit B".

14. Plaintiff issued an invoice in the ordinary course of business in July 2019 referencing the ROCK HARD brand. A true and accurate copy of this invoice is attached as "Exhibit C".

15. Plaintiff also created and consistently used original ROCK HARD logos and brand imagery as early as 2019. True and correct copies of these logos, as documented in Plaintiff's files, are attached as "Exhibit D".

16. Plaintiff's Facebook page lists the company's service areas across Texas and has been continuously associated with the name and brand ROCK HARD since 2019.

17. The company's logo, business cards, invoices, installations, and other relevant documents and materials have all prominently featured the ROCK HARD mark well before any claimed use by Defendants.

### B. Defendants' Infringement and Conduct

18. Defendants began using the names "RockHard" and "RockHard USA" in connection with epoxy product lines and training programs starting on or about December 2020.

19. Petitioner is the applicant and owner of U.S. trademark application for ROCKHARD USA, having filed a trademark application under U.S. Serial No. 98211039 (the '"039 Application") for the following goods in International Class 002: "Floor coatings for commercial and residential facilities".

20. On December 23, 2024, trademark examining attorneys reviewing the '039 Application (the "Trademark Examining Attorneys") issued a Final Office Action, refusing registration of the ROCKHARD USA mark under International Class 002 pursuant to Trademark Act Section 2(d), on the grounds that the Defendants' applied-for mark is likely to be confused with Plaintiff's ROCK HARD mark and registration. A true and accurate copy of this Final Office Action is attached hereto as "Exhibit E".

21. Defendants operate approximately 55 retail and training locations nationwide, including two within five miles of Plaintiff's business.

22. Defendants sell epoxy products under the RockHard brand and use the term as a badge of origin, with signs, labels, packaging, promotional videos, and training materials all incorporating the infringing name. True and accurate photographs documenting Defendants' use of the infringing brand in product packaging and promotional materials are attached hereto as "Exhibit F".

23. Defendants also sell branded merchandise, including backpacks bearing the phrase "Rock Hard Epoxy" and similar slogans. These items, which appear in Exhibit F, use a logo that

mimics the iconic "Hard Rock Cafe" design. Of note, Hard Rock Cafe International (USA), Inc. owns U.S. Trademark Registration No. 6,175,509 for this logo.

24. Defendants' use of a similar design to the Hard Rock Cafe logo further demonstrates their intent to trade off the goodwill and trademarks of others, including well-known brands beyond Plaintiff's. This imitation underscores Defendants' bad faith in promoting and commercializing their knock off brand.

25. Defendants offer training courses for contractors and issue "certificates" falsely purporting to authorize these trainees to use the "RockHard" brand. These trainees enter Plaintiff's market and compete directly with Plaintiff while misleading customers as to origin.

26. Defendants' representatives have previously contacted Plaintiff to explore potential co-existence arrangements and financial partnerships involving the ROCK HARD brand. While such discussions are not offered as evidence of liability, they reflect Defendants' awareness of Plaintiff's longstanding use and branding, and the commercial overlap between the parties. A true and accurate copy of this correspondence is attached as "Exhibit G".

27. On information and belief, Defendants have encouraged franchisees and trainees to use the phrase "RockHard floor" in describing their work, further eroding the distinctiveness and value of Plaintiff's trademark.

28. Defendants' products include a spray epoxy paint branded as "RockHard," recently released with marketing designed to emphasize its uniqueness and disruptive impact on the coatings industry. See Exhibit F.

29. Plaintiff has refused all offers of co-existence and commission arrangements, asserting its senior rights and objecting to any continued use of the mark by Defendants.

### C. Actual Confusion and Damage to Plaintiff

30. A customer in Midland, Texas called Plaintiff attempting to order materials, stating he was told to "call Rock Hard," and believed Plaintiff to be associated with XPS. This incident is further detailed in the sworn declaration of Michael Rodriguez, attached hereto as "Exhibit H".

31. Multiple individuals have contacted Plaintiff under the mistaken belief that he was affiliated with XPS or used XPS products. See Exhibit H.

32. Plaintiff has received unjustified negative online reviews from individuals who were confused by Defendants' use of the ROCK HARD name and believed Plaintiff to be responsible for shoddy materials and installations. True and accurate copies of these reviews are attached hereto as "Exhibit I".

33. At least four fake Facebook accounts left disparaging comments accusing Plaintiff of using "cheap Chinese materials," apparently confusing Plaintiff with Defendants. These incidents are described in Exhibit H.

34. These reviews reduced Plaintiff's average review score by 40% and harmed its ability to secure new customers, as further described in Exhibit H.

35. On December 23, 2024, Defendant Lavin filed a Petition to Cancel Plaintiff's trademark registration with the United States Patent and Trademark Office, falsely asserting priority based on alleged use of the mark ROCKHARD USA since December 2020. Plaintiff filed a timely Answer and asserts that its use of the mark since at least as early as 2020 is prior in time and entitled to protection.

## V. CAUSES OF ACTION

### Trademark Infringement (15 U.S.C. § 1114)

36. Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

37. Plaintiff owns valid and protectable trademark rights in the ROCK HARD mark. See Exhibit A.

38. Defendants have used marks that are identical or confusingly similar to Plaintiff's ROCK HARD mark in connection with identical or related goods and services without Plaintiff's authorization. See Exhibits E, F.

39. Defendants' unauthorized use of the ROCK HARD and/or ROCK HARD USA mark(s) in commerce is likely to cause confusion, mistake, or deception among consumers as to the affiliation, connection, or association of Defendants with Plaintiff.

40. Defendants' unauthorized use of the ROCK HARD and/or ROCK HARD USA mark(s) in commerce is has resulted and will continue to result in actual confusion, mistake, or deception among consumers as to the affiliation, connection, or association of Defendants with Plaintiff, so long as Defendants continue to infringe upon Plaintiff's ROCK HARD trademark. See Exhibits H, I.

41. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. Plaintiff has been and will continue to be irreparably harmed by Defendants' unlawful conduct unless enjoined by this Court.

**False Designation of Origin & Unfair Competition (15 U.S.C. § 1125(a))**

43. Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

44. Defendants 'use of the ROCK HARD mark constitutes a false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendants 'conduct is likely to cause confusion as to the source, sponsorship, affiliation, or approval of Defendants 'goods and services.

46. Defendants' conduct has caused actual confusion as to the source, sponsorship, affiliation, or approval of Defendants 'goods and services. See Exhibits H, I.

47. Plaintiff has suffered damage to its business, reputation, and goodwill as a result of Defendants 'wrongful acts.

48. Defendants' actions have been willful, deliberate, and in conscious disregard of Plaintiff's rights.

**Common Law Trademark Infringement and Unfair Competition**

49. Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

50. Plaintiff has a legally protectable mark, priority of use in the ROCK HARD mark, and has established strong common law rights through continuous and exclusive use since at least 2019.

51. Defendants' use of confusingly similar marks has caused and is likely to continue causing confusion, mistake, or deception.

52. Defendants' conduct constitutes trademark infringement and unfair competition in violation of Texas common law.

## VI.   DEMAND FOR JURY TRIAL

53. Plaintiff demands a jury trial on all counts in this Complaint.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, and grant the following relief:

(a) A preliminary and permanent injunction prohibiting Defendants, their agents, employees, and all persons acting in concert with them from using the ROCK HARD mark or any other mark that is confusingly similar;

(b) An order requiring the destruction or removal of all marketing, promotional, or packaging materials bearing the infringing marks;

(c) An award of damages in an amount to be determined at trial, including actual damages, disgorgement of Defendants 'profits, and statutory damages where appropriate;

(d) An award of treble damages and reasonable attorneys 'fees pursuant to 15 U.S.C. § 1117(a) due to the willful nature of Defendants 'conduct;

(e) An award of costs and prejudgment and post-judgment interest as permitted by law;

(f) Any such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ William D. Dunn*
William D. Dunn
State Bar No. 24002023
ddunn@dunnsheehan.com
R. Annie Banks
State Bar No. 24120361

abanks@dunnsheehan.com
**Dunn Sheehan LLP**
5910 N. Central Expy, Ste 1310
Dallas, TX 75206
Phone: (214) 866.0156
Fax: (214) 866.0070

      and

Nathan Gugliotta, Esq.*
Ohio State Bar No. 96962
**GUGLIOTTA & GUGLIOTTA, LPA**
P.O. Box 38536
Olmsted Falls, OH 44138
Phone: (330) 299-0757
Email: nathan@inventorshelp.com

*pro hac vice application forthcoming*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

       /s/*William D. Dunn*
       Dave Dunn
       *Attorney for Plaintiff*