UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODRIGUEZ P AND E INVESTMENTS, LLC, § § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:25-CV-0879-B | |
| § § § | | |
| CHRISTOPHER LAVIN and XTREME POLISHING SYSTEMS, LLC, § § § § | | |
| Defendants. § § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Rodriguez P and E Investments, LLC ("Rodriguez")'s Motion for Leave to File First Amended Complaint (Doc. 17), which Defendants Christopher Lavin and Xtreme Polishing Systems, LLC ("XPS") oppose. The Court **GRANTS** the Motion.

### I.

### BACKGROUND

This opposed Motion requires the Court to decide whether to allow an amended complaint after a motion to dismiss the initial complaint is completely briefed but not yet decided.

Rodriguez's initial Complaint (Doc. 1), filed on April 9, 2025, did not include certain factual allegations regarding Defendants' contacts with Texas. *See* Doc. 17, Mot. Leave, 2 (listing factual allegations added in proposed amended complaint). Pointing out the absence of those facts in the initial complaint, Defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue. *See* Doc. 10, Mot. Dismiss, 6–16. In response to Defendants' motion to dismiss,

Rodriguez proffered additional facts purportedly supporting jurisdiction. *See* Doc. 14, Resp. Mot. Dismiss, 2–4. Defendants, in reply, argued that the Court cannot consider those additional facts because they were not included in the Complaint. *See* Doc. 16, Reply Mot. Dismiss, 2.

Before the Court ruled on the ripe motion to dismiss Rodriguez's initial Complaint, Rodriguez filed the Motion currently at issue, requesting leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). *See* Doc. 17, Mot. Leave, 1. In addition to including the facts Rodriguez believes would support jurisdiction, the proposed amended complaint includes new allegations that Defendants infringed a non-party's trademark in bad faith and that their actions were willful, deliberate, and in conscious disregard of Rodriguez's rights. *See* Doc. 17-1, Proposed Am. Compl. ¶¶ 28, 52.

Defendants oppose the Motion, arguing (1) that Rodriguez is attempting to "evade dismissal" using facts known to it when it filed the initial Complaint, (2) that the amendments are futile because they fail to establish jurisdiction, and (3) that the amended complaint's addition of allegations concerning infringement of a non-party's trademark and heightened intentionality are "scandalous and conclusory." Doc. 18, Resp. Mot. Leave, 4–9. Defendants also request leave to seek attorney's fees for responding to the Motion and ask that the Court strike the supposedly scandalous new allegations from the amended complaint. *Id.* at 8–9.

## II.

## LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. § 15(a)(2). "Whether to grant leave to amend a complaint is entrusted to the sound discretion of the district

court." *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) (citation modified).

"'Discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Id.* at 598 (citations omitted). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* (citation omitted).

Despite the limitation on a court's discretion, leave to amend is "by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citation omitted). "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *Simmons*, 732 F.3d at 478 (citation omitted).

## III.

## ANALYSIS

None of Defendants' three arguments convinces the Court to deny leave to amend.

First, Defendants argue that Rodriguez's attempt to amend is made in bad faith and with dilatory motive because the facts it seeks to add in its proposed amended complaint were known to Rodriguez at the time it filed its initial Complaint. Doc. 18, Resp. Mot. Leave, 4–5. In support, Defendants principally rely on *Goldstein v. MCI WorldCom*, 340 F.3d 238 (5th Cir. 2003) and *Wimm*. Neither case supports a finding of bad faith or dilatory motive here. The Fifth Circuit in *Goldstein* affirmed denial of a "general curative amendment request" included with the plaintiffs' opposition

to a motion to dismiss. *See* 340 F.3d at 254. The plaintiffs did not proffer a proposed amended complaint, nor did they explain what new facts they would plead to cure the defects raised by the defendants. *See id.* at 255. In contrast to the "general curative amendment request" in *Goldstein*, Rodriguez specifies the changes it seeks to make and provides a proposed amended complaint.

*Wimm* likewise does not persuade the court to deny leave to amend. The plaintiffs in *Wimm* moved for leave to amend for the second time after the defendants had moved for summary judgment. *See* 3 F.3d at 138. Their amended complaint sought to add two new causes of action involving underlying facts known to the plaintiffs from the outset of the litigation. *See id.* at 142. Concluding that the failure to assert those causes of action sooner supported a finding of bad faith and dilatory motive, the Fifth Circuit affirmed the district court's denial of leave to amend. *See id.* Unlike the plaintiffs in *Wimm*, Rodriguez is not adding new causes of action and is seeking to amend its complaint for only the first time. Although Rodriguez is adding facts known to it at the outset of the litigation, it seeks to do so in response to Defendants' objection to the Court considering those facts outside of the complaint. *See* Doc. 19, Reply Mot. Leave, 3. This motivation behind Rodriguez's amendment does not support a finding of bad faith.

Furthermore, seeking to amend a complaint to avoid an adverse summary judgment (as in *Wimm*) is substantively different from seeking to amend to avoid a Rule 12 dismissal. As Defendants acknowledge, the usual course—had the Court already ruled on the pending motion to dismiss—would be to grant Rodriguez a chance to cure any deficiencies in its initial Complaint. *See* Doc. 18, Resp. Mot. Leave, 8. Rather than causing delay, Rodriguez's amendment avoids the procedural hullabaloo of potentially dismissing the initial Complaint now only to deal with an amended complaint later.

Defendants' second argument for denying leave is that Rodriguez's proposed amendment would be futile because it would not plead facts sufficient to support personal jurisdiction over Defendants. *Id.* at 5–8. This argument presupposes that personal jurisdiction must be established by the complaint alone, and to that end, the parties trade arguments over whether the added facts support jurisdiction. *See id.*; Doc. 19, Reply Mot. Leave, 4–6. But the Court may determine whether it has personal jurisdiction "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citation omitted). Thus, the proposed amendments cannot be deemed futile at this stage where the Court has made no ruling on whether it has personal jurisdiction and where it could consider outside materials in any future challenge to personal jurisdiction.[1]

Finally, Defendants argue that they are prejudiced by the "conclusory and scandalous" new allegations in the proposed amended complaint. Doc. 18, Resp. Mot. Leave, 8–9. The Court agrees with Rodriguez that the added allegations regarding infringement of a non-party's trademark and Defendants' intent are relevant to Defendants' mental state, which is an important issue in a trademark infringement case. *See* Doc. 19, Reply Mot. Leave, 7; *Romag Fasteners, Inc. v. Fossil, Inc.* 590 U.S. 212, 219 (2020). The allegations do not cause any prejudice to Defendants, who are not hindered in any way from denying those allegations. The new allegations therefore do not suffice as a reason to deny leave to amend. Defendants' request that the Court strike the allegations under Federal Rule of Civil Procedure 12(f) is likewise denied because of the allegations' plausible relevance

---

[1] The only case cited by Defendants to argue that leave to amend should be denied based on futility—*Muddu Oils Refinery Ltd. v. Dykes*, No. 4:06-CV-825-BE, 2007 WL 894568 (N.D. Tex. Mar. 26, 2007) (Bleil, Mag. J.)—is inapposite because it involved a failure to plead a sufficient amount in controversy for diversity jurisdiction purposes, which unlike personal jurisdiction is generally determined on the face of the complaint. *See id.* at *2 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

to intent in this case. *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (A "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." (citation and internal quotation mark omitted)).

Having found no appropriate reason to deny leave to amend, the Court exercises its discretion in accordance with the Fifth Circuit's directive to "permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy*, 660 F.2d at 598 (citations omitted). Justice requires that the Court grant leave to amend here because this is Rodriguez's first request to amend, the Motion was made relatively early in the litigation, and the Motion does not reflect any bad motive.

As a final housekeeping matter, the Court rejects Defendants' characterization of the Motion as "frivolous, duplicative, and procedurally improper," *see* Doc. 18, Resp. Mot. Leave, 8, and therefore denies Defendants' request for leave to seek attorney's fees for responding to it.

## IV.

## CONCLUSION

Rodriguez's Motion for Leave to File First Amended Complaint (Doc. 17) is **GRANTED**. The Clerk is directed to enter Document 17-1 as the Amended Complaint as of the date of this Order. Defendants have 21 days from this date to answer or otherwise respond to the Amended Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants' requests in their Response (Doc. 18) for leave to seek attorney's fees and to strike parts of the Amended Complaint are **DENIED**. Defendants' Motion to Dismiss (Doc. 10) is **DENIED** as **MOOT**.

SO ORDERED.

SIGNED: October 27, 2025.

                                          _____
                                          JANE J. BOYLE
                                          SENIOR UNITED STATES DISTRICT JUDGE